**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:12-cr-00455-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| RICHARD NELSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Richard Nelson's ("Defendant's") Motion for Compassionate Release, (ECF No. 251), to which the Government filed a Response, (ECF No. 254). Pursuant to the Court's General Order 2020-06, the Federal Public Defender's Office reviewed Defendant's filing, but did not believe a supplement was necessary. For the reasons discussed below, the Court **DENIES** Defendant's Motion for Compassionate Release.

**I.   BACKGROUND**

On May 23, 2013, the Court sentenced Defendant to seventy-eight months custody and three years of supervised release following his guilty plea to Count 1 of the Superseding Indictment: Interference with Commerce by Robbery in violation of 18 U.S.C. §§ 1951 and 2. (J, ECF No. 104); (Mins. Proceedings, ECF Nos. 102, 72). Defendant commenced his first term of supervised release on November 9, 2018.

While on supervision, Defendant has violated his conditions of supervised release on multiple occasions—warranting modifications to his supervised release conditions and revocations. (Mod. Supervised Release, ECF No. 196) (dated April 29, 2019); (J. Revocation of Supervised Release, ECF No. 216) (dated July 31, 2019). Most recently, on April 8, 2020, the Court revoked Defendant's term of supervised release based on multiple violations of his

release conditions. (J. Revocation of Supervised Release, ECF No. 244).  The Court sentenced Defendant to a term of four months custody followed by six months of supervised release. (*Id.*). After spending two months in custody, Defendant filed the pending Motion for Compassionate Release, (ECF No. 251).

## II.     LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the Court to modify a defendant's sentence in limited circumstances. 18 U.S.C. § 3582(c)(1)(A).  Generally, to be eligible for compassionate release, a defendant must demonstrate: (1) the existence of extraordinary and compelling reasons, and (2) that he is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.  Under United States Sentencing Guideline § 1B1.13, "extraordinary and compelling reasons" include, among other things, terminal illnesses and medical conditions "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.

## III.    DISCUSSION

Defendant requests compassionate release from custody based on his history of seizures since 2016, a heart attack that occurred on April 11, 2019, and an instance of fainting on May 16, 2020, at the Nevada Southern Detention Center. (Mot. Compassionate Release at 1–2, ECF No. 251).  The Court does not find that these medical conditions make early release appropriate.  Indeed, before the Court revoked Defendant's term of supervised release roughly two months ago, it considered the consequences of custody based on the same health issues Defendant now raises.  Moreover, while these medical conditions may be concerning, they do not rise to the level of "extraordinary and compelling reasons" warranting release. *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.  Lastly, Defendant does not explain how release

would benefit his purported medical conditions.  The opposite instead appears true because Defendant concedes he will have no place to reside if released. (*See* Mot. Compassionate Release at 2) (stating, "I don't have an address," and requesting that the United States Probation Office pay for housing upon his release).

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 251), is **DENIED**.

**DATED** this __1__ day of July, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court